2015 ND 231

**John Willard GREYWIND, Jr., Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20150070.**

Supreme Court of North Dakota.

Sept. 17, 2015.

Travis W. Finck, Bismarck–Mandan Public Defender Office, Bismarck, ND, for petitioner and appellant; submitted on brief.

Lonnie Olson, State's Attorney, Devils Lake, ND, for respondent and appellee; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] John Willard Greywind appealed from a district court order denying his application for post-conviction relief and

subsequent motion for reconsideration. We reverse and remand.

## I

[¶2] Greywind previously pled guilty to committing robbery while in possession of a dangerous weapon. He filed an application for post-conviction relief on the grounds of ineffective assistance of counsel, imposition of a longer sentence than a co-defendant, and alleged the prosecuting attorney violated his due process rights. The claim of ineffective assistance of counsel alleged a failure of his attorney to inform Greywind he would be required to serve 85% of his sentence before release, failure to inform him that his co-defendant would receive a shorter sentence, and failure to zealously represent him during the proceeding and plea agreement.

[¶3] The district court denied the application without a hearing or response from the State. Citing *State v. Raulston,* 2005 ND 212, 707 N.W.2d 464, and *Sambursky v. State,* 2008 ND 133, 751 N.W.2d 247, the district court held that a claim of ineffective assistance of counsel does not arise by virtue of the fact that counsel did not inform Greywind prior to entry of his plea that his conviction would result in serving 85% of his sentence. The court also held that the claims of ineffective assistance of counsel and disparate sentence were not grounds for post-conviction relief because Greywind's co-defendant was sentenced after him and he did not possess the knife used in the robbery.

[¶4] Greywind's claim that his attorney failed to zealously represent him during the proceedings was denied because the court found no specific allegation was made in the application and the record established his guilt and competency of counsel. The court also held the claim of prosecutorial misconduct was without merit as the discretion to initiate charges and negotiate plea agreements rests with the prosecutor, and the sentence was consistent with the facts, law, and prior criminal history.

[¶5] Greywind filed a motion to reconsider the denial of his application for post-conviction relief. He argued that it was error to deny his application for failure to make a specific allegation under claim of ineffective assistance of counsel as he was not required to include supporting materials or evidence in his application until given notice he was being put on his proof. Because his claim was found frivolous based on information outside of his application for post-conviction relief, he alleged the district court's dismissal of his claim without a hearing was in error. The district court denied the motion for reconsideration and amended the order denying Greywind's application for post-conviction relief finding that no specific allegation was made in the application and summary dismissal was appropriate.

## II

[¶6] Greywind argues the district court erred in summarily dismissing his claim for post-conviction relief. "An applicant has the burden of establishing grounds for post-conviction relief." *Chisholm v. State,* 2014 ND 125, ¶8, 848 N.W.2d 703. "The application must ... set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary." N.D.C.C. § 29-32.1-04(1).

[¶7] A summary dismissal of a post-conviction application is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted. *Wong v. State,* 2010 ND 219, ¶8, 790 N.W.2d 757. "A court may, on its own initiative, and in the cautious exercise of its

discretion, dismiss a complaint for failure to state a valid claim." *Id.* "When a dismissal under N.D.R.Civ.P. 12(b)(6) is appealed, this Court construes the application in the light most favorable to the applicant and accepts the well-pleaded allegations as true." *Id.* at ¶ 9. "We will affirm a dismissal for failure to state a claim if it would be impossible for the applicant to prove a claim for which relief can be granted." *Id.*

▮ [¶ 8] When matters outside the pleading are considered, the motion must be treated as a motion for summary judgment under N.D.R.Civ.P. 56. *Wong,* 2010 ND 219, ¶ 12, 790 N.W.2d 757. "A court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29–32.1–09, which is analogous to summary judgment, if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "N.D.C.C. § 29–32.1–09(1) authorizes the court to dismiss a meritless application considering only the information in the application." *Chisholm,* 2014 ND 125, ¶ 16, 848 N.W.2d 703.

▮ [¶ 9] In addressing Greywind's allegation of ineffective assistance of counsel based on a failure to zealously advocate for him throughout the criminal proceeding and plea agreement, the district court in its order dismissing Greywind's application stated:

> Petitioner makes no specific allegation. Since a large majority of defendants enter guilty pleas, that in itself is not unusual or lacking in jealousness [sic]. The incriminating evidence was strong and the minimum mandatory sentence was not going away. As admitted at the sentencing hearing, the petitioner was the muscle to the robbery and he held and exposed the knife when dealing with the employee. He seemed eager to

plead guilty and begin serving his time. Petitioner had competent legal counsel.

We have previously reversed a summary dismissal of an application for post-conviction relief where the district court determined the application could not prove an ineffective assistance of counsel claim based on evidence from the prior criminal proceeding. *Chisholm,* 2014 ND 125, ¶ 17, 848 N.W.2d 703. In that case, "[b]ecause the court relied on information outside the application in determining the application was frivolous and wholly without merit, N.D.C.C. § 29–32.1–09(1) does not apply." *Id.* The original order in this matter did consider evidence outside of the pleadings and we therefore treat the court's summary dismissal as a summary judgment.

▮ [¶ 10] "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Wong,* 2010 ND 219, ¶ 12, 790 N.W.2d 757. Here, Greywind alleged his counsel failed to zealously represent him during his criminal proceeding and plea agreement. Whether Greywind's counsel provided zealous legal representation is a genuine issue of material fact. Greywind is entitled to file a brief with supporting materials.

### III

▮ [¶ 11] Greywind argues the district court erred in denying his motion to reconsider the denial of his application for post-conviction relief. We treat motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as motions for relief from a judgment or order under N.D.R.Civ.P. 60(b). *Riak v. State,* 2015 ND 120, ¶ 8, 863 N.W.2d 894. A district court may grant a party relief from a

judgment or order under Rule 60(b)(1) if it was the product of "mistake." *Riak,* at ¶ 14.

[¶ 12] "We will not reverse a district court's denial of a motion for reconsideration on appeal 'absent a manifest abuse of discretion.'" *Id.* (quoting *Waslaski v. State,* 2013 ND 70, ¶ 10, 830 N.W.2d 228.) "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* Because the district court erred as a matter of law in considering information outside the pleading in denying the application without allowing Greywind to file a brief with supporting materials, we conclude the district court abused its discretion.

IV

[¶ 13] We reverse the district court's order denying Greywind's application for post-conviction relief and remand for the court to allow Greywind to file a brief with supporting materials and, if appropriate, an evidentiary hearing.

[¶ 14] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

McEVERS, Justice, concurring.

[¶ 15] I concur in the result reached by the majority opinion. I write separately to note that in addition to the reasons for reversal cited by the majority, the district court also failed to give appropriate notice prior to summarily dismissing the application for post-conviction relief. As noted in *Chisholm v. State,* 2014 ND 125, ¶ 10, 848 N.W.2d 703, "the applicant must be given notice and an opportunity to respond and

submit evidence to demonstrate there is a genuine issue of material fact before the court may dismiss the application." Arguably, Greywind may have cured this defect by filing the motion for reconsideration, but the district court should not have dismissed the application without giving notice.

[¶ 16] LISA FAIR MCEVERS