2017 ND 290

**Cody Michael ATKINS, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

No. 20170249

Supreme Court of North Dakota.

Filed 12/11/2017

Rehearing Denied Jan. 25, 2018

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Meredith H. Larson, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

VandeWalle, Chief Justice.

[¶ 1] Cody Michael Atkins appealed a district court's order summarily dismissing his application for post-conviction relief. We affirm, concluding the district court did not err by summarily dismissing his application for post-conviction relief because Atkins was put to his proof and failed to present any competent evidence raising an issue of material fact.

I

[¶ 2] In 2015, Atkins plead guilty to gross sexual imposition and was sentenced to 20 years with the North Dakota Department of Corrections with five years suspended for 10 years and 10 years of supervised probation. Atkins' conviction was

affirmed on appeal. *State v. Atkins*, 2016 ND 13, 873 N.W.2d 676.

[¶ 3] In March 2016, Atkins filed a petition for post-conviction relief, alleging ineffective assistance of counsel. In April 2016, the court entered a scheduling order but Atkins failed to timely file a brief and the petition was dismissed. In September 2016, Atkins filed an identical petition for post-conviction relief. In October 2016, the court entered a scheduling order and after being granted an extension, Atkins filed a supplemental brief in March 2017. Atkins' brief included several conclusory statements alleging his counsel was defective and a request for an evidentiary hearing.

[¶ 4] On April 12, 2017, the State filed a motion and brief in support of summary dismissal. On April 13, the district court scheduled an evidentiary hearing for June 2017. Atkins failed to respond to the State's motion. Atkins did not file any affidavits or other comparable means of evidence in support of the allegations contained in his brief. On May 5, 2017, the district court granted the motion for summary dismissal.

II

[¶ 5] The standard of review for a summary denial of post-conviction relief is well-established:

This Court reviews an appeal from a summary denial of post-conviction relief as it reviews an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.

*Parizek v. State*, 2006 ND 61, ¶ 4, 711 N.W.2d 178 (citations and quotations omitted). Section 29-32.1-09(3), N.D.C.C., provides "[t]he court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

[¶ 6] Generally, an applicant has the burden of establishing grounds for post-conviction relief. *Chase v. State*, 2017 ND 192, ¶ 5, 899 N.W.2d 280. This Court has stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing. *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355. However, this Court has "upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations." *Id.* "Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim." *Id.* at ¶ 17. "If competent evidence is provided, the defendant is entitled to an evidentiary hearing." *Id.*

[¶ 7] Atkins' supplemental brief listed six ways in which he is entitled to post-conviction relief: (1) his attorney failed to advise Atkins that he could call witnesses on his own behalf at a preliminary hearing or sentencing hearing; (2) trial counsel did not cross-examine any witnesses; (3) trial counsel failed to properly advise him; (4) trial counsel told Atkins he was lying and it impacted their relationship; (5) Atkins' confession was coerced; and (6) Atkins had an alibi.

[¶ 8] Atkins argues the State's failure to refute the factual assertions in his brief relieved him of the burden of produc-

ing competent, admissible evidence prior to the evidentiary hearing. However, setting a date for an evidentiary hearing does not excuse a petitioner from putting forth competent, admissible evidence raising an issue of material fact. A motion for summary disposition puts the burden on the defendant to provide competent evidence to support his claim, and the defendant is only entitled to an evidentiary hearing if that burden is met. *Steinbach*, 2003 ND 46, ¶ 17, 658 N.W.2d 355.

[¶ 9] The district court's order did not explain the basis for granting summary dismissal. The order, in its entirety, stated: "The Court, having considered Respondent's Motion for Summary Dismissal of Petitioner's Petition for Post–Conviction Relief, IT IS HEREBY ORDERED that the Motion for Summary Dismissal of Petitioner's Petition for Post–Conviction Relief is granted in this matter."

[¶ 10] Nevertheless, the district court's failure to articulate the basis for its decision is not a bar to summary dismissal. *See* N.D.R.Civ.P. 52(a)(3) (stating "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion"). A petitioner's burden of proof is not relieved merely by the scheduling of an evidentiary hearing. A petitioner is only entitled to an evidentiary hearing if there is some competent, admissible evidence to support the petitioner's claim. *Steinbach*, 2003 ND 46, ¶ 17, 658 N.W.2d 355. Failure to produce that evidence once the burden has shifted to the petitioner, regardless if a hearing has been scheduled, is grounds for summary dismissal.

[¶ 11] Because Atkins was put to his proof when the State moved for summary disposition, and Atkins did not meet his minimal burden of supporting his application with competent, admissible evidence

raising an issue of material fact, we affirm the district court's order summarily dismissing his application for post-conviction relief. *See, e.g., Ude v. State*, 2009 ND 71, ¶ 12, 764 N.W.2d 419 (affirming the summary dismissal of a post-conviction application when the petitioner was put to his proof and failed to present any competent evidence raising an issue of material fact).

[¶ 12] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Gary H. Lee, District Judge

[¶ 13] The Honorable Gary H. Lee, D.J., sitting in place of Jensen, J., disqualified.