# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 178

James Ryan Burden,                                                    Petitioner and Appellant

v.

State of North Dakota,                                               Respondent and Appellee

No. 20180353

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Scott O. Diamond, Fargo, ND, for petitioner and appellant.

Thomas A. Gehrz (argued), and Meredith H. Larson (on brief), Grand Forks County State's Attorney Office, Grand Forks, ND, for respondent and appellee.

**Burden v. State**

**No. 20180353**

**VandeWalle, Chief Justice.**

[¶1]    James Burden appealed from orders summarily dismissing his application for post-conviction relief and denying his motion for relief from that dismissal.  We conclude that the district court applied the wrong standard in dismissing Burden's application on the pleadings and that he was not given the required time to respond to a dismissal by summary judgment.  We reverse and remand for further proceedings.

I

[¶2]    In March 2017, Burden, with assistance of counsel, pled guilty to contributing to the deprivation of a minor and also admitted the allegations in a separate petition to revoke his probation for a 2013 conviction for simple assault.  The district court sentenced Burden to a term of incarceration on the criminal charge and on the probation revocation.  After a March 2017 hearing at which Burden was given an opportunity to address the court, the court refused to reconsider his sentence.  In September 2017, the court denied Burden's motion to withdraw his guilty plea and his admission to the probation violation.

[¶3]    In November 2017, Burden filed a self-represented application for post-conviction relief, claiming ineffective assistance of counsel relating to the guilty plea and to the probation revocation.  In November 2017, the State answered, generally "den[ying] each and every allegation contained therein," and "put[ting Burden] to his proof."  The State's answer asserted the affirmative defense of misuse of process and "move[d] for summary disposition" on Burden's claim for post-conviction relief under N.D.C.C. § 29-32.1-01(1)(e), which provides that "evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice."

[¶4]    Burden was appointed counsel, and in February 2018, he filed an amended application for post-conviction relief, again claiming ineffective assistance of counsel.

1

Burden alleged his trial counsel failed to adequately prepare a defense and review discovery documents with him in the criminal case and failed to obtain and review discovery in the probation revocation. Burden also alleged his counsel failed to timely and adequately prepare for trial, only worked for a plea deal in the criminal case, and failed to apprise him of delays and obtained continuances without notifying him. Burden further alleged his counsel failed to timely notify him of the details of the plea agreement and failed to adequately investigate false statements in an affidavit for an arrest warrant. Burden alleged he was prejudiced by counsel's representation and, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. The State filed an amended answer, generally denying Burden's allegations and seeking to put him to his proof on each and every allegation not admitted.

[¶5] Burden requested a hearing on his application, and the district court scheduled a hearing for July 23, 2018. On July 5, 2018, the State moved for summary dismissal of Burden's application, alleging there were no genuine issues of material fact. The State argued Burden had been put to his proof and failed to provide any competent admissible evidence to raise an issue of material fact supporting his conclusory allegation of ineffective assistance of counsel. The State's notice of motion under N.D.R.Ct. 3.2 said oral argument was not requested and the motion would be decided on the briefs unless oral argument was timely requested.

[¶6] On July 23, 2018, the district court granted the State's motion for summary dismissal without an evidentiary hearing, stating Burden "failed to respond to the motion," and "failed to provide competent, admissible evidence to support his application."

[¶7] Burden moved for relief from the summary dismissal under N.D.R.Civ.P. 60 and submitted an accompanying affidavit. Burden's affidavit described sporadic meetings with counsel to discuss a defense to the criminal charge and alleged false and misleading statements in an affidavit of probable cause for the criminal charge. Burden's affidavit also said the allegations about two missed probation meetings were

2

"unjustified" because he had made up both meetings. Burden claimed he was apprised of the details of the plea agreement only minutes before signing the agreement and going into court and his counsel used undue influence to push for acceptance of the plea deal without giving him time to think about it or to talk to his family. While Burden's motion for relief from the summary dismissal was pending, he appealed the summary dismissal to this Court and we issued a limited remand to the district court for disposition of his pending motion.

[¶8] On remand, the district court denied Burden's motion for relief from the summary dismissal, stating "he failed to provide competent admissible evidence for over eight months after being put on notice of the State's request for summary dismissal and being 'placed on his proof.'" The court explained the State's November 2017 answer was sufficient to put Burden on notice to provide competent admissible evidence to avoid summary dismissal and he failed to do so before the State's July 5, 2018 motion for summary dismissal. The court also explained the State's motion for summary dismissal did not rely on matters outside the pleadings and the 14-day time period for response in N.D.R.Ct. 3.2(a)(2) applied to the motion. The court said Burden failed to respond within 14 days after the State filed its motion for summary dismissal and failed for eight months to provide any competent admissible evidence in response to the State's initial request for summary dismissal in the November 2017 answer. The court concluded the dismissal was an order for summary disposition based upon the pleadings and denied Burden's request for relief from the dismissal.

II

[¶9] Burden argues the district court did not clearly identify whether the summary dismissal was on only the pleadings or on the entire record, and he argues the court applied the wrong standard to the extent it dismissed his application on the pleadings. Burden alternatively argues that if the dismissal was by summary judgment, he was not provided the required 30 days to respond to a summary judgment motion under N.D.R.Civ.P. 56. The State responds the court did not err in granting summary dismissal because Burden was put to his proof in the State's amended answer. The

3

State alternatively argues the court properly granted the summary dismissal within 14 days after the State filed its motion on July 5, 2018, and Burden failed to respond.

[¶10] We have said post-conviction proceedings are civil in nature and the rules and statutes applicable to civil proceedings are applicable to those proceedings. *Atkins v. State*, 2019 ND 146, ¶ 4; *Ourada v. State*, 2019 ND 10, ¶ 3, 921 N.W.2d 677; *Johnson v. State*, 2005 ND 188, ¶ 6, 705 N.W.2d 830; *McMorrow v. State*, 516 N.W.2d 282, 283 (N.D. 1994); *State v. Wilson*, 466 N.W.2d 101, 103 (N.D. 1991). Our rules of civil procedure "govern the procedure in all civil actions and proceedings in district court, except as stated in Rule 81." N.D.R.Civ.P. 1. Rule 81(a), N.D.R.Civ.P., provides, "Special statutory proceedings, whether or not listed in Table A, are excluded from these rules to the extent they are inconsistent or in conflict with the procedure and practice provided by these rules." Post-conviction proceedings under N.D.C.C. ch. 29-32.1 are not listed in Table A, and our rules of civil procedure apply to those proceedings to the extent they are not inconsistent with statutory requirements for post-conviction proceedings. *See Combs v. Lund*, 2015 ND 10, ¶ 16, 858 N.W.2d 311 (applying civil rules to disorderly conduct restraining orders).

[¶11] A post-conviction relief proceeding is commenced by filing an application. N.D.C.C. § 29-32.1-03(1). An applicant for post-conviction relief has the burden of establishing grounds for relief. *Horvath v. State*, 2018 ND 24, ¶ 6, 905 N.W.2d 734; *Greywind v. State*, 2015 ND 231, ¶ 6, 869 N.W.2d 746. The application must include certain allegations, but "[a]rgument, citations, and discussion of authorities are unnecessary" and "[a]ffidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29-32.1-04(1) and (2). The State shall respond to an application by answer or motion and may move to dismiss an application if it is evident from the application that the applicant is not entitled to post-conviction relief. N.D.C.C. § 29-32.1-06(1) and (2). Res judicata and misuse of process may be raised by answer or motion. N.D.C.C. § 29-32.1-06(3). *See also* N.D.C.C. § 29-32.1-12 (discussing affirmative defenses of res judicata and misuse of process).

4

[¶12] Section 29-32.1-09, N.D.C.C., authorizes summary disposition of an application for post-conviction relief and provides, in part:

1. The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state. The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.

    . . . .

3. The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

If the court determines the applicant is not entitled to post-conviction relief, the court's order must state whether the decision is based upon the pleadings, is by summary disposition, or is the result of an evidentiary hearing. N.D.C.C. § 29-32.1-11(2).

[¶13] In *Johnson*, 2005 ND 188, ¶ 9, 705 N.W.2d 830, we explained that a motion by the State for summary disposition under N.D.C.C. § 29-32.1-06(2) is analogous to a motion to dismiss for failure to state a claim upon which relief may be granted under N.D.R.Civ.P. 12(b)(6). We also explained that a motion for summary disposition by either party under language now found in N.D.C.C. § 29-32.1-09(3) is analogous to and governed by the procedure for a motion for summary judgment. *Johnson*, at ¶¶ 10-12. We said that when a court dismisses an application on its own motion, it is analogous to dismissal of a complaint for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6), and when the State moves for summary disposition solely on the pleadings, the motion should be treated like a N.D.R.Civ.P. 12(b) motion subject to the response times in N.D.R.Ct. 3.2(a), which is now 14 days. *See Johnson*, at ¶¶ 13-14 (discussing prior version of N.D.R.Ct. 3.2(a) allowing 10 days to respond). When the State's motion for summary disposition goes beyond the pleadings, it is not treated as a N.D.R.Civ.P. 12(b)(6)

5

motion; rather it is treated as a N.D.R.Civ.P. 56 motion for summary judgment, which gives the petitioner 30 days to respond. *Johnson*, at ¶¶ 15-17.

[¶14] In *Greywind*, 2015 ND 231, ¶¶ 7-8, 869 N.W.2d 746 (citations and quotations omitted), we discussed the difference between a dismissal of an application for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6) and a summary disposition by summary judgment under N.D.R.Civ.P. 56:

> When a dismissal under N.D.R.Civ.P. 12(b)(6) is appealed, this Court construes the application in the light most favorable to the applicant and accepts the well-pleaded allegations as true. We will affirm a dismissal for failure to state a claim if it would be impossible for the applicant to prove a claim for which relief can be granted.
>
> When matters outside the pleading are considered, the motion must be treated as a motion for summary judgment under N.D.R.Civ.P. 56. A court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09, which is analogous to summary judgment, if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29-32.1-09(1) authorizes the court to dismiss a meritless application considering only the information in the application.

[¶15] Under our decisions, a motion for summary disposition relying only on the pleadings is treated like a motion to dismiss for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6), and a motion for summary disposition relying on items outside the pleadings is treated as a motion for summary judgment under N.D.R.Civ.P. 56. *Greywind*, 2015 ND 231, ¶¶ 7-8, 869 N.W.2d 746; *Johnson,* 2005 ND 188, ¶¶ 14-15, 705 N.W.2d 830. In considering a motion for judgment on the pleadings under N.D.R.Civ.P. 12(b)(6), a court must construe the application in the light most favorable to the applicant and accept the well-pleaded allegations as true and the court should not grant the motion unless it appears beyond doubt that applicants can prove no set of facts entitling them to relief. *Wong v. State,* 2010 ND 219, ¶ 9, 790 N.W.2d 757*; Johnson*, at ¶ 20.

[¶16] Here, the district court stated it ruled on the pleadings under N.D.R.Civ.P. 12(b), because the State submitted nothing outside the pleadings to support its motion. We initially review the court's decision under the standards for N.D.R.Civ.P.

6

12(b)(6). Regardless of whether the State submitted anything outside the pleadings to support its motion for summary disposition, Burden's allegations of ineffective assistance of counsel, construed in the light most favorable to him, state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6) and do not demonstrate that it would be impossible for him to prove a claim for ineffective assistance of counsel. *See Wong*, 2010 ND 219, ¶ 10, 790 N.W.2d 757. We conclude the court erred to the extent it summarily dismissed Burden's application for failure to state a claim upon which relief could be granted under N.D.R.Civ.P. 12(b)(6).

[¶17] We next consider Burden's application under the standards for summary judgment and when he was put to his proof. In *Mackey v. State*, 2012 ND 159, ¶ 5, 819 N.W.2d 539 (citations and quotations omitted), we discussed a motion for summary disposition of an ineffective-assistance-of-counsel claim in the context of putting applicants to their proof under the procedures for summary judgment:

> [A] court may grant a motion for summary disposition if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. A genuine issue of material fact exists when reasonable minds could draw different inferences and conclusions from the undisputed facts. The movant initially may satisfy his burden of showing there is no genuine issue of material fact by demonstrating an absence of evidence supporting the petitioner's application. At this point, the petitioner is put on his proof, and the petitioner may no longer rely on unsupported allegations but must produce some competent, admissible evidence to show the presence of an issue of material fact. Claims of ineffective assistance of counsel are often unsuited to summary disposition, but this Court has upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations.

[¶18] In *Mackey*, 2012 ND 159, ¶ 5, 819 N.W.2d 539, we said a petitioner was "put on his proof" when the movant demonstrates an absence of evidence supporting the petitioner's application. In *Parizek v. State*, 2006 ND 61, ¶ 9, 711 N.W.2d 178

7

(quoting *Vandeberg v. State*, 2003 ND 71, ¶ 7, 660 N.W.2d 568), in reversing a summary judgment dismissal of an ineffective-assistance-of-counsel claim, we said the "State must not merely 'respond' to put a petitioner on its proof; it must show the trial court it is entitled to judgment as a matter of law in its motion for summary disposition." In *Delvo v. State*, 2010 ND 78, ¶ 13, 782 N.W.2d 72, in affirming a summary judgment on a claim for ineffective assistance of counsel, a majority of this Court said the petitioner did not dispute that she was put on notice the State was putting her to her proof in the State's request for summary disposition in its response to her application and she failed to supplement her application with affidavits or other evidence raising an issue of material fact. In *Ude v. State*, 2009 ND 71, ¶ 12, 764 N.W.2d 419, we affirmed a summary judgment of an ineffective-assistance claim where a petitioner's response to the State's request for summary disposition did not present affidavits or other supporting materials to raise an issue of material fact. A common thread in our cases involving summary disposition of claims for ineffective assistance of counsel is that a request for summary disposition is necessary to put applicants to their proof.

[¶19] Here, the State argues Burden was put to his proof in the State's answer and amended answer. The State's answer and amended answer denied all of Burden's allegations not specifically admitted and generally said the State "puts [him] to his proof." The State's initial answer asserted misuse of process and moved for summary disposition on Burden's allegation that "evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." The State's amended answer did not restate that motion nor move for summary disposition on the ineffective-assistance-of-counsel claim. Instead, the State's amended answer denied each and every allegation in Burden's amended application and generally put him to his proof. The State's general allegations in its answer and amended answer were not sufficient to demonstrate an absence of evidence supporting Burden's claim for ineffective assistance of counsel or show the district court that the State was entitled to judgment as a matter of law on that claim. *See Mackey*, 2012 ND 159, ¶

8

5, 819 N.W.2d 539 (stating petitioner put to proof when movant demonstrates absence of evidence supporting petitioner's application); *Parizek*, 2006 ND 61, ¶ 9, 711 N.W.2d 78 (same). We conclude Burden was not put to his proof by the State's general allegations in its answer or amended answer. Rather, we conclude Burden was put to his proof when the State filed its motion for summary dismissal on July 5, 2018, which triggered a 30-day period for Burden to respond under N.D.R.Civ.P. 56. *See Johnson*, 2005 ND 188, ¶¶ 15-17, 705 N.W.2d 830. To the extent the district court decided the State's motion for summary disposition by summary judgment, Burden was not given 30 days to respond after the State's July 5, 2018 motion for summary dismissal, and we reverse and remand for further proceedings consistent with this opinion.

[¶20] Because Burden's application should not have been dismissed in the first instance, we also conclude the district court abused its discretion in denying his motion for relief from the summary disposition under N.D.R.Civ.P. 60(b). *See Riak v. State*, 2015 ND 120, ¶ 19, 863 N.W.2d 894.

III

[¶21] We reverse the orders and remand for further proceedings consistent with this opinion.

[¶22] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

James D. Hovey, D.J.


[¶23] The Honorable James D. Hovey, D.J., sitting in place of Jensen, J., disqualified.

9