# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 19

George Robert Lyons,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

## No. 20230151

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Eric P. Baumann, Minot, ND, for petitioner and appellant.

Rachel R. Egstad, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee.

**Crothers, Justice.**

[¶1] George Lyons appeals from a district court order dismissing his application for postconviction relief. Lyons' application was filed more than two years after his conviction became final and therefore is untimely under N.D.C.C. § 29-32.1-01. We affirm the dismissal order.

I

[¶2] The State charged Lyons with gross sexual imposition in 2017. A jury found him guilty, and we affirmed the conviction. *See State v. Lyons*, 2019 ND 175, 930 N.W.2d 156. We also affirmed the district court's denial of Lyons' subsequent application for postconviction relief based on a claim of ineffective assistance of counsel. *See Lyons v. State*, 2021 ND 91, 959 N.W.2d 882.

[¶3] Lyons filed this second application for postconviction relief in 2022. He claimed newly discovered evidence exists based on a statement the victim's mother made during an interview with law enforcement. He also argued his conviction is barred by a statute of limitations for gross sexual imposition, and consequently the district court lacked jurisdiction to enter the criminal judgment. The State moved for summary disposition asserting the charge was timely and discovery filings from Lyons' criminal case proved the mother's interview and statement were known at the time of trial.

[¶4] The district court conducted an evidentiary hearing before ruling on the State's motion. After the hearing, the court entered a dismissal order. The court ruled Lyons did not establish the existence of newly discovered evidence and his application was filed outside the statutory two-year filing deadline. Despite the court's ruling, it nonetheless addressed Lyons' argument concerning the statute of limitations for gross sexual imposition and determined it was without merit. Lyons appeals.

## II

[¶5] Lyons concedes his application was filed more than two years after the postconviction relief filing deadline. He argues the filing deadline does not apply to his application because his argument concerning the statute of limitations for gross sexual imposition is a jurisdictional issue that can be raised at any time. Alternatively, if the filing deadline is applicable, Lyons asserts an exception applies for newly discovered evidence.

[¶6] Postconviction relief proceedings are civil in nature. *Burden v. State*, 2019 ND 178, ¶ 10, 930 N.W.2d 619. The laws and rules applicable to civil proceedings apply to the extent they are not inconsistent with the statutory requirements for postconviction relief proceedings, *id.*, which are set out in the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1. Postconviction relief is available when:

> "a. The conviction was obtained or the sentence was imposed in violation of the laws or the Constitution of the United States or of the laws or Constitution of North Dakota;
>
> b. The conviction was obtained under a statute that is in violation of the Constitution of the United States or the Constitution of North Dakota, or that the conduct for which the applicant was prosecuted is constitutionally protected;
>
> c. The court that rendered the judgment of conviction and sentence was without jurisdiction over the person of the applicant or the subject matter;
>
> d. The sentence is not authorized by law;
>
> e. Evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice;
>
> f. A significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively;

2

g. The sentence has expired, probation or parole or conditional release was unlawfully revoked, or the applicant is otherwise unlawfully in custody or restrained; or

h. The conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error available before July 1, 1985, under any common law, statutory or other writ, motion, proceeding, or remedy."

N.D.C.C. § 29-32.1-01(1).

[¶7]   Under N.D.C.C. § 29-32.1-01(2), a petition for postconviction relief must be filed within two years of a final conviction. Section 29-32.1-01(3)(a), N.D.C.C., provides three exceptions to the two-year deadline, allowing the district court to consider an application for relief when:

"(1) The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted;

(2) The petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief; or

(3) The petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner establishes that the interpretation is retroactively applicable to the petitioner's case."

[¶8]   Our standard for reviewing a district court's decision in a postconviction relief proceeding is well established:

"'A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing

3

court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.'"

*Hunter v. State*, 2020 ND 224, ¶ 11, 949 N.W.2d 841 (quoting *Brewer v. State*, 2019 ND 69, ¶ 4, 924 N.W.2d 87).

A

[¶9]   Lyons argues his gross sexual imposition charge was barred by a statute of limitations. He asserts this issue concerns a "jurisdictional fact" which, if decided in his favor, would bar his conviction. He argues jurisdictional issues can be raised at any time and thus his application for postconviction relief is not subject to the two-year deadline.

[¶10] Lyons relies on *State v. Hersch*, 445 N.W.2d 626, 629-30 (N.D. 1989), where this Court decided a criminal defendant did not waive a statute of limitations defense by failing to raise it in the district court because "the statute of limitations in a criminal case is a jurisdictional fact which creates a bar to prosecution." The question in *Hersch* was whether a jurisdictional argument could be waived on direct appeal in a criminal case. Unlike *Hersch*, this is a civil postconviction relief proceeding collaterally challenging the criminal judgment. Lyons' application expressly seeks relief under the Uniform Postconviction Procedure Act. To obtain relief under the Act, Lyons must satisfy the Act's requirements.

[¶11] The Act provides a remedy for convictions obtained without jurisdiction, *see* N.D.C.C. § 29-32.1-01(1)(c), but the remedy is conditioned on the claim being brought within two years of the conviction becoming final. *See* N.D.C.C. § 29-32.1-01(2). Lyons' application was not filed within two years of his conviction becoming final. Although the Act provides exceptions to the filing deadline for other types of claims, no exception exists for claims challenging the district court's jurisdiction. Lyons' claim concerning the statute of limitations for gross sexual imposition therefore is untimely.

4

B

[¶12] Lyons alternatively claims the newly discovered evidence exception to the two-year deadline applies. Lyons argues the victim's mother made a statement indicating her daughter displayed no emotion during an interview with law enforcement and indicating the allegations against Lyons could not be substantiated. Lyons argues his own "allegations tend to strongly indicate" the interview and statement were not available to his trial counsel. He asserts there is a genuine issue of material fact as to whether newly discovered evidence exists, and he seeks remand for an evidentiary hearing.

[¶13] A petitioner must satisfy a four-prong test to establish grounds for postconviction relief based on newly discovered evidence:

> "(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal."

*Kovalevich v. State*, 2018 ND 184, ¶ 5, 915 N.W.2d 644 (quoting *Greywind v. State*, 2004 ND 213, ¶ 18, 689 N.W.2d 390).

[¶14] After an applicant for postconviction relief is put to his proof, he must support his application with competent admissible evidence to obtain an evidentiary hearing:

> "'A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof. At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence.'"

*Chatman v. State,* 2018 ND 77, ¶ 6, 908 N.W.2d 724 (quoting *Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419).

[¶15] The State moved for summary disposition and submitted discovery from Lyons' criminal case that referenced statements the victim's mother made during the interview. Lyons filed a brief requesting the State's motion be denied, but he did not identify any evidence rebutting the State's filings or creating a fact issue about whether the discovery filings were not provided to his trial counsel. The district court nonetheless held a hearing where Lyons argued there was not "clear evidence" the interview was known at trial, but "based on the statements made to me by my client" concerning the evidence "we believe the first prong is met." After the hearing, the district court entered a dismissal order finding the State's discovery filings from Lyons' criminal case were proof the statements made by the victim's mother were provided to Lyons' trial counsel. The court held the newly discovered evidence exception did not apply because Lyons failed to meet his burden of proving the evidence was discovered after trial.

[¶16] The district court's order does not specify, as required by N.D.C.C. § 29-32.1-11(2), whether its decision was by summary disposition or the result of an evidentiary hearing. However, Lyons had the opportunity to present evidence in response to the State's motion to dismiss and, as he acknowledged at oral argument, also at the hearing. The court's hearing notice contemplated the presentation of exhibits (requiring them to be filed in advance), and the court opened the hearing by instructing Lyons to "take over your presentation and argument." Lyons did not present any evidence, and he made no indication he desired to do so. He instead advanced arguments based on his unsupported allegations. After being put to his proof by the State's motion and discovery filings, Lyons failed to identify any competent admissible evidence to support his claim. We decline Lyons' request to remand the case for an evidentiary hearing because he failed to meet his burden to obtain an evidentiary hearing in the district court, and it nonetheless appears he could have presented evidence at the hearing that was conducted had he chosen to do so. Based on this record, the court's findings are not clearly erroneous and the court did not misapply the law when it held the newly discovered evidence exception does not apply.

## III

[¶17] Lyons' appellate brief identifies a claim for ineffective assistance of counsel as an issue on appeal. However, his brief contains no argument or explanation concerning an ineffective assistance of counsel claim. We will not address this issue because Lyons did not brief or otherwise argue it. *See Burleigh Cnty. Soc. Serv. Bd. v. Rath*, 2023 ND 12, ¶ 15, 985 N.W.2d 725 ("'Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them.'") (quoting *Rath v. Rath*, 2019 ND 303, ¶ 6, 936 N.W.2d 538).

## IV

[¶18] The postconviction relief filing deadline applies to Lyons' application. Lyons' application is untimely, and he failed to demonstrate an exception to the deadline applies. The order dismissing Lyons' application for postconviction relief is affirmed.

[¶19] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr