# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 126

Hamisi Mohamed Mwinyi,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

### No. 20240003

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant.

Amy G. Pikovsky, Assistant State's Attorney, Dickinson, N.D., for respondent and appellee; submitted on brief.

# Mwinyi v. State
## No. 20240003

**Tufte, Justice.**

[¶1]     Hamisi Mohamed Mwinyi appeals from a district court's order summarily disposing of his application for postconviction relief. On appeal, he argues the district court erred because the State's motion for summary disposition did not comply with the rules of civil procedure and sufficient evidence supported the application. He also argues he was denied due process. We affirm.

I

[¶2]     Mwinyi applied for postconviction relief, asserting as grounds: "One of my grounds will be ineffective assistance of counsel. I am illiterate in English. I am from Tanzania, Africa, and my native language is Swahili." The State filed an answer and a motion to summarily dispose of the application. Mwinyi objected and moved to amend his application to argue his attorney was ineffective because he failed to use a translator to communicate with Mwinyi and as a result he was unable to communicate fully with his attorney in order to prepare for hearings and trial. The district court denied the motion to amend.

[¶3]     The district court summarily dismissed Mwinyi's application and explained that it would have granted the State summary disposition if the proposed amendment had been granted. Mwinyi appeals.

II

[¶4]     Mwinyi argues the district court erred in granting the State's motion for summary disposition and dismissal because the State did not comply with the rules of civil procedure when it "combined the motion and answer."

[¶5]     "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Atkins v. State*, 2019 ND 146, ¶ 4, 928 N.W.2d 438. Whether the rules of civil procedure were properly followed is a question of law which will be reviewed de novo. *Chase v. State*, 2021 ND 206, ¶ 5, 966 N.W.2d 557. In *Chase*, the State requested summary dismissal in its answer, also requesting the answer serve as notice of the request. *Id.* at ¶ 4. We explained that by not serving and filing notice of motion with

1

a motion and instead requesting summary disposition in its answer, the State failed to put the applicant on notice. *Id*. at ¶¶ 8-9.

[¶6]    Here, the State served and filed a notice of motion, a motion for summary disposition, and a single document containing its answer to the application and its brief supporting the motion for summary disposition. The State complied with the rules and *Chase* because Mwinyi was put on notice that the State had moved for summary disposition by the notice of motion and motion. The State did not violate the rules of civil procedure by combining its answer to the application and its brief in support of its motion into the same document.

III

[¶7]    Mwinyi argues he was entitled to a hearing because there was sufficient competent evidence to support his ineffective assistance of counsel claim because he is illiterate in English and his attorney did not use a translator to speak with him outside of court.

[¶8]    We have explained:

> When a dismissal under N.D.R.Civ.P. 12(b)(6) is appealed, this Court construes the application in the light most favorable to the applicant and accepts the well-pleaded allegations as true. We will affirm a dismissal for failure to state a claim if it would be impossible for the applicant to prove a claim for which relief can be granted.

*Burden v. State*, 2019 ND 178, ¶ 14, 930 N.W.2d 619 (quoting *Greywind v. State*, 2015 ND 231, ¶¶ 7-8, 869 N.W.2d 746).

[¶9]    The district court dismissed the application under N.D.C.C. § 29-32.1-09, applying Rule 12(b)(6) standards, because Mwinyi failed to state a claim upon which relief could be granted. We disagree. Construing the application in the light most favorable to Mwinyi, he alleged ineffective assistance of counsel because he is illiterate in English, and by natural implication, his attorney did not effectively communicate with him. This states a claim for which relief could be granted.

[¶10]   The district court explained that it would have granted the State's motion for summary disposition under N.D.C.C. § 29-32.1-09.1, applying Rule 56 standards, because when the State put Mwinyi to his proof, he failed to provide competent evidence to support his claim.

[¶11]   Ordinarily, summary disposition of an ineffective assistance of counsel claim should not be granted without an evidentiary hearing. *Campbell v. State*, 2021 ND 45, ¶ 14, 956 N.W.2d 387.

> However, this Court has upheld summary denials of [postconviction] relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations. Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim. If competent evidence is provided, the defendant is entitled to an evidentiary hearing.

*Atkins v. State*, 2017 ND 290, ¶ 6, 904 N.W.2d 738 (quoting *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355) (cleaned up).

[¶12]   Here, the State put Mwinyi on notice to provide competent admissible evidence to support his claim. Mwinyi provided no evidence he would have pleaded not guilty and insisted on going to trial but for the alleged error by his counsel. *Bahtiraj v. State*, 2013 ND 240, ¶¶ 15, 16, 840 N.W.2d 605. Because Mwinyi failed to provide any competent evidence to the court beyond his application, the court properly denied his application on the alternative grounds of summary disposition.

IV

[¶13]   Mwinyi argues his right to due process was violated because his postconviction relief attorney was ineffective for failure to order transcripts or secure an evidentiary hearing.

[¶14]   In *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991), the United States Supreme Court explained there is no constitutional right to have an attorney for postconviction proceedings, so Mwinyi cannot claim on appeal that his postconviction attorney was ineffective. Claims of ineffective assistance of postconviction counsel are subject to summary dismissal. N.D.C.C. § 29-32.1-09(2) ("The court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel."). *See Johnson v. State*, 2004 ND 130, ¶ 15, 681 N.W.2d 769. On the basis of the arguments presented here, Mwinyi has not established a denial of constitutional due process.

V

[¶15]   The district court's order denying Mwinyi's application for postconviction relief is affirmed.

[¶16]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr