# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 155

Taylor John Kraft,                                                    Petitioner and Appellant

v.

State of North Dakota,                                          Respondent and Appellee

## Nos. 20250180 & 20250181

Appeals from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Samuel A. Gereszek, Grand Forks, ND, for petitioner and appellant; on brief.

Mandy R. Dendy, Assistant State's Attorney, Bismarck, ND, for respondent and appellee; on brief.

**Kraft v. State**
**Nos. 20250180 & 20250181**

**Bahr, Justice.**

[¶1]  Taylor Kraft appeals the district court's order summarily dismissing his application for postconviction relief. He argues the court did not allow him the required time to respond to the State's motion for summary dismissal before granting it. We agree. We reverse and remand for further proceedings.

I

[¶2]  In March 2024, Kraft was charged with twenty-one counts of theft and one count of unauthorized use of personal identifying information. The next month, in a second case, he was charged with one count of theft. The district court joined the cases for trial. In October 2024, with assistance of counsel, Kraft pled guilty to all charges.

[¶3]  In March 2025, Kraft filed an application for postconviction relief. He alleged ineffective assistance of counsel and other grounds. On April 11, 2025, the State filed an answer and a motion for summary dismissal. The district court granted the State's motion on May 2, 2025.

II

[¶4]  Kraft argues the State's motion for summary dismissal was a motion for summary disposition and that he was not provided the required thirty days to respond to the motion. The State asserts its motion for summary dismissal cannot be treated as a motion for summary disposition because it "did not include any affidavits or exhibits with its pleadings, nor did the district court consider any matters outside the pleadings when issuing its order granting summary dismissal."

[¶5]  "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure to the extent the rules do not conflict with the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1." *Hoff v. State*, 2024 ND 235, ¶ 13, 14 N.W.3d 892. Under N.D.C.C. § 29-32.1-03(1), an applicant

1

commences a postconviction relief proceeding by filing an application with the clerk of court. The application must include certain allegations, but "[a]rgument, citations, and discussion of authorities are unnecessary" and "[a]ffidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29-32.1-04(1) and (2). Under N.D.C.C. § 29-32.1-06(1) and (2), the State must respond to an application by answer or motion and may move to dismiss an application if "it is evident from the application that the applicant is not entitled to postconviction relief[.]"

[¶6] Section 29-32.1-09, N.D.C.C., authorizes the district court to summarily dismiss an application for postconviction relief. Section 29-32.1-09.1, N.D.C.C., authorizes the court to summarily dispose of an application for postconviction relief. Prior to August 2023, section 29-32.1-09, titled Summary Disposition, provided the court could deny, on its own motion, a meritless application and that either party could file a motion for summary disposition when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." 2013 N.D. Sess. Laws ch. 248, § 2. "Section 29-32.1-09, N.D.C.C., was amended effective Aug. 1, 2023, to codify summary disposition (akin to summary judgment) at N.D.C.C. § 29-32.1-09.1 and retain summary dismissal, akin to dismissal for failure to state a claim, at N.D.C.C. § 29-32.1-09. 2023 N.D. Sess. Laws ch. 307." *Aune v. State*, 2024 ND 99, ¶ 6 n.1, 6 N.W.3d 833. Although our cases addressing the prior version of section 29-32.1-09 sometimes use summary disposition and summary dismissal interchangeably, summary dismissal and summary disposition are separate and distinct procedures under sections 29-32.1-09 and 29-32.1-09.1.

[¶7] A motion to summarily dismiss an application for postconviction relief under N.D.C.C. § 29-32.1-09 is analogous to a motion to dismiss for failure to state a claim upon which relief may be granted under N.D.R.Civ.P. 12(b)(6). *Burden v. State*, 2019 ND 178, ¶ 13, 930 N.W.2d 619; *Greywind v. State*, 2015 ND 231, ¶ 7, 869 N.W.2d 746. When the State moves for summary dismissal, the motion is "treated like a N.D.R.Civ.P. 12(b) motion subject to the response times in N.D.R.Ct. 3.2(a), which is now 14 days." *Burden*, ¶ 13.

2

[¶8] A motion for summary disposition under N.D.C.C. § 29-32.1-09.1 is analogous to and governed by the procedure for a motion for summary judgment under N.D.R.Civ.P. 56. *Kisi v. State*, 2023 ND 226, ¶ 24, 998 N.W.2d 797; *Burden*, 2019 ND 178, ¶ 13; *Greywind*, 2015 ND 231, ¶ 8. When the State moves for summary disposition, the motion is "treated as a N.D.R.Civ.P. 56 motion for summary judgment, which gives the petitioner 30 days to respond." *Burden*, ¶ 13.

[¶9] Addressing summary disposition under N.D.C.C. § 29-32.1-09.1, this Court stated, "Ordinarily, summary disposition of an ineffective assistance of counsel claim should not be granted without an evidentiary hearing." *Mwinyi v. State*, 2024 ND 126, ¶ 11, 9 N.W.3d 665. "However," we noted, "this Court has upheld summary denials of [postconviction] relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations." *Id.* (quoting *Atkins v. State*, 2017 ND 290, ¶ 6, 904 N.W.2d 738). We continued:

> Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim. If competent evidence is provided, the defendant is entitled to an evidentiary hearing.

*Id.* (quoting *Atkins*, ¶ 6).

[¶10] Addressing N.D.C.C. § 29-32.1-09.1 in *Almklov v. State*, 2025 ND 27, ¶ 6, 17 N.W.3d 583, we quoted *Vandeberg v. State*, 2003 ND 71, ¶¶ 5-6, 660 N.W.2d 568, which reads:

> For the summary disposition of a petition for post-conviction relief, the moving party bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.

3

> A movant may discharge his burden of showing there is no genuine issue of material fact by pointing out to the trial court there is an absence of evidence to support a petitioner's case. Once the movant shows the trial court there is no record evidence to support the petitioner's claim and, therefore, there is nothing the State can point to in support of its assertion no such evidence exists, the movant has put the petitioner on his proof and a minimal burden has shifted to the petitioner to provide some competent evidence to support his claim.

*See also Lindeman v. State*, 2024 ND 228, ¶ 5, 14 N.W.3d 883 (quoting *Vandeberg*, ¶¶ 5-6).

[¶11] Although labeled motion for summary dismissal, the State's brief in support of its motion argued and relied on the summary disposition (summary judgment) standard, not the summary dismissal (Rule 12(b)(6) failure to state a claim) standard. For example, the State argued Kraft "failed to establish or provide any evidentiary support" that his trial counsel was ineffective and failed to provide any support that he was prejudiced by any alleged errors committed by his trial counsel. Citing *Abdi v. State*, 2000 ND 64, ¶ 31, 608 N.W.2d 292, the State acknowledged ineffective assistance of counsel claims are ordinarily "unsuited for summary disposition because they ordinarily require development of the record in an evidentiary hearing." "However," the State asserted, "if the petitioner does not raise a genuine issue of material fact, summary disposition is appropriate." In *Abdi*, we applied the summary judgment, not the Rule 12(b)(6) failure to state a claim, standard. *Abdi*, ¶ 8. Using summary judgment language, the State argued, "In this case, there is no genuine issue as to any material fact." The State then asserted Kraft has made "no showing of proof" that his trial counsel's representation fell below an objective standard of reasonableness, and that "this case is suitable for summary judgment." Although labeled a motion for summary dismissal, the State's motion was a motion for summary disposition.

[¶12] The district court treated the State's motion as a motion for summary disposition. The court explained, "The State's *Motion* asserts the Petitioner has failed to establish or provide any evidentiary support for the assertion that his

trial counsel was ineffective or any support that he was prejudiced by any alleged errors committed by his trial counsel." It then noted, "The State argues the Application must be dismissed because there is no genuine dispute of material fact[.]" Granting the State's motion, the court wrote Kraft "must support the application with evidence if the State moves for summary disposition," Kraft failed to respond to the motion, and "the State's *Motion* put [Kraft] on his proof and [he] has not provided any admissible evidence, through affidavit or other comparable means, raising an issue of material fact." Thus, the court applied the summary disposition standard when ruling on the State's motion.

[¶13] By filing its motion, the State put Kraft on his proof and a minimal burden shifted to Kraft to provide some competent evidence to support his claim. Thus, despite its label, the State's motion was a motion for summary disposition, akin to a N.D.R.Civ.P. 56 motion for summary judgment, which triggered a thirty-day period for Kraft to respond. *Burden*, 2019 ND 178, ¶ 13. The district court granted the State's motion without giving Kraft thirty days to respond to the motion. The court misapplied the law.

### III

[¶14] We reverse the order and remand for further proceedings consistent with this opinion.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

5