# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 176

Jose Alberto Hernandez,                               Petitioner and Appellant

    v.

State of North Dakota,                                Respondent and Appellee

### No. 20250116

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant; on brief.

Kelley M.R. Cole, State's Attorney, Grafton, ND, for respondent and appellee; on brief.

**Hernandez v. State**
No. 20250116

**Per Curiam.**

[¶1]   Jose Hernandez appeals from a district court order granting summary disposition and dismissing his postconviction relief application seeking to withdraw his guilty pleas. Hernandez argues the court erred in denying his application before an evidentiary hearing because claims of ineffective assistance of counsel are generally unsuited to summary disposition. He argues the statements in the verified application raise a genuine issue of material fact. In granting summary disposition, the court concluded "the record contains nothing but bald, conclusory statements made by Hernandez that are unsubstantiated by affidavit or other competent evidence"; and "[t]he record contains only non-specific, self-serving assertions made in Hernandez's petition, and the brief recitation of law and argument submitted by counsel. There are no affidavits or other competent evidence within this record to support the conclusory statements asserted by Hernandez in his application."

[¶2]   While claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing, the district court may grant summary disposition when the State moves for summary disposition and an applicant fails to provide some competent evidence to support his claims. *See* N.D.C.C. § 29-32.1-09.1; *Almklov v. State*, 2025 ND 27, ¶ 6, 17 N.W.3d 583; *Mwinyi v. State*, 2024 ND 126, ¶ 11, 9 N.W.3d 665; *Atkins v. State*, 2017 ND 290, ¶ 6, 904 N.W.2d 738. On this record, Hernandez's verified application and subsequent "objection" to the State's summary disposition motion failed to present competent, admissible evidence which raised a genuine issue of material fact that his counsels' representation fell below an objective standard of reasonableness under prong one of the *Strickland* test. *See Samaniego v. State*, 2024 ND 187, ¶ 9, 12 N.W.3d 827 ("Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so."). We conclude the district court properly dismissed Hernandez's application under these circumstances. We summarily affirm under N.D.R.App.P. 35.1(a)(6).

1

[¶3]   Jon J. Jensen, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr