AMERICAN STATE BANK OF WATERTOWN v. EDWARD P. BOYLE.[1]

April 17, 1942.

No. 33,116.

*W. F.* and *W. B. Odell,* for appellant.
*J. J.* and *J. A. Fahey,* for respondent.

STONE, JUSTICE.

Defendant claims as an earlier and plaintiff as a later mortgagee of certain personal property of R. E. Campbell. Decision

[1]Reported in 4 N. W. (2d) 108.

below went for plaintiff, holder of the later mortgage, upon the ground that the property, so far as it is in controversy, was acquired by Campbell after his mortgage to defendant and that the latter's mortgage did not cover after-acquired property. That view of the matter we consider correct.

The mortgagor was a farmer. In November of 1935 he mortgaged to defendant a considerable number of horses, cattle, and hogs and much farm equipment, including harnesses, brooder house, binder, mower, hayrake, hay loader, disk harrow, motor truck, wagon with combination rack, corn binder, cultivator, gang plow, and other farm utensils.

The specific description in the mortgage was followed by this language: "together with all increase and the increase from the increase of the above described livestock, which is all of the kind now owned by me, whether in excess of the specified number or not, and the income therefrom, including all wool sheared from any sheep described herein, and all additions, betterments and repairs made to or upon the personal property hereinbefore described."

Defendant's mortgage consists largely of ready-made, printed form. That may explain use of the phrase "wool sheared from any sheep described herein," notwithstanding no sheep had been so described.

True, under our law, chattel mortgages may cover, in addition to the property specifically enumerated, other chattels subsequently acquired by the mortgagor. Ludlum v. Rothschild, 41 Minn. 218, 43 N. W. 137. So, if by the word "additions" the intention was expressed to include not only the natural increase of the livestock but also enlargements of the herd by purchase or gift, the mortgage covered the latter. But our view is that such a broad and inclusive meaning of the word "additions" is negatived by the context "betterments and repairs made to or upon the personal property hereinbefore described."

Obviously, the mortgaged livestock was not susceptible of "betterments and repairs." Therefore, only the farm utensils could

have been intended by the phrase "personal property" in the clause referring to "additions, betterments and repairs." So the whole phrase "additions, betterments and repairs" was as matter of expressed intention rather plainly confined not only to the farm utensils but also to something added thereto physically by way of improvement or repair.

For example, the combination rack might have been reconstructed and enlarged or the Dodge truck might have had its utility amplified by a trailer hitch. In either case, the addition or betterment would have been included. But if the mortgagor had purchased another motor truck (he did buy a truck wagon) or a combine harvester, the quoted description would be examined in vain for expression of intention that either should automatically come under the mortgage at the moment of their acquisition.

So far as the livestock is concerned, its natural increase "and the increase from the increase" are explicitly covered in such fashion that, if nothing more appeared, there would be no suggestion that other livestock afterwards acquired would be included. That seems to reinforce the conclusion that the word "additions" subsequently appearing, in view of its immediate context, cannot be properly interpreted as inclusionary of the new cows and the additional swine purchased by the mortgagor long after his mortgage to defendant.

Order affirmed.