2017 ND 104

**Kabbah MORRIS, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

**No. 20160350**

Supreme Court of North Dakota.

Filed 4/25/2017

Samuel A. Gereszek, 308 DeMers Avenue, P.O. Box 4, East Grand Forks, MN 56721–0004, for petitioner and appellant.

Todd A. Schwarz, Chief Assistant State's Attorney, McKenzie County State's Attorney Office, 201 Fifth Street N.W., Suite 550, Watford City, ND 58854, for respondent and appellee; submitted on brief.

Kapsner, Justice.

[¶ 1] Kabbah Morris appeals from a district court order denying his application for post-conviction relief. We conclude the district court did not err in concluding Morris failed to establish his attorney's representation fell below an objective standard of reasonableness. We affirm the district court order denying Morris's application for post-conviction relief.

I

[¶ 2] On December 19, 2014, Morris pleaded guilty to gross sexual imposition. Morris was sentenced to twenty years of incarceration with twelve years and six months suspended with supervised probation to follow. Morris applied for post-conviction relief on August 5, 2015 and claimed he received ineffective assistance of counsel. Morris claimed his attorney's representation was defective because of a failure to challenge statements he made to police in light of his difficulties in understanding English. Morris is a citizen of Liberia and speaks a different dialect of English.

[¶ 3] After withdrawal and reassignment of counsel, the district court held a hearing

on Morris's application September 16, 2016. At the hearing, Morris and his former attorney testified. Morris testified when he was questioned by police he was separated from a friend, and although the police read him his rights, he did not understand them. Morris's former attorney testified he filed a motion relating to the police questioning, but the district court never held a hearing or ruled on the motion because Morris had reached a plea agreement with the State. Morris's former attorney also testified he did not recall Morris making any request to file an appeal in his criminal case. Morris's former attorney testified he could understand Morris. Morris testified his attorney did not communicate with him enough about the plea agreement and that he did not understand it. Morris's former attorney testified he and other members of his firm visited Morris in person to have better communication with him. Morris's former attorney also testified he communicated over the phone with Morris multiple times regarding the plea agreement.

[¶ 4] The district court entered an order denying Morris's application for post-conviction relief. The district court found Morris is able to understand English. The district court concluded the attorney's representation of Morris did not fall below an objective standard of reasonable performance, and no evidence had been presented to establish a reasonable probability that the outcome of Morris's case would have been different. Morris filed a notice of appeal.

## II

■ [¶ 5] On appeal, Morris argues the district court erred by denying his application for post-conviction relief. Morris argues he received ineffective assistance of counsel because his attorney did not challenge questioning by police and

because he entered a guilty plea without reserving the right to challenge such questioning. Morris's claims stem from what he contends is a lack of ability to speak and understand English and his attorney's failure to use an interpreter for their communications. We review appeals of post-conviction proceedings as follows:

> A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

Broadwell v. State, 2014 ND 6, ¶ 5, 841 N.W.2d 750 (citations and internal quotations omitted).

■ [¶ 6] "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact, fully reviewable on appeal." Thompson v. State, 2016 ND 101, ¶ 7, 879 N.W.2d 93. To establish a claim of ineffective assistance of counsel, the applicant must first prove his counsel's performance was defective. Id. at ¶ 8 (citing State v. McLain, 403 N.W.2d 16, 17 (N.D. 1987); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, the petitioner must show his defense was prejudiced by the proven defects. Thompson, at ¶ 8. A petitioner must establish both in order to prevail.

■ [¶ 7] "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" State v. Myers, 2009 ND 141, ¶ 14, 770 N.W.2d 713 (quoting Clark v. State, 2008 ND 234, ¶ 12, 758 N.W.2d 900).

To prevail on an ineffective assistance of counsel claim, an applicant must "first overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Myers, at ¶ 14 (internal citations and quotations omitted). "Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight." Id. (citations omitted).

### III

[¶ 8] Morris claimed he received ineffective assistance of counsel because of his difficulties with the English language. Recognizing the underlying basis for Morris's application for post-conviction relief revolved around Morris's alleged difficulties with communication in English, the district court stated:

Central to Morris's entire argument, is that he did not understand English while he was questioned by law enforcement and throughout the court proceedings. He claims his counsel was ineffective because he should have taken steps to challenge law enforcement questioning without an interpreter.

. . . [Morris's former attorney] testified he was able to communicate with Morris, although it was easier to do in person than over the phone. Accordingly, most of his meetings were in person with Morris. Another lawyer associated with [Morris's former attorney's] practice also met in person with Morris.

The record does not support Morris's position that he is unable to understand English. The Court has serious doubts about Morris's need for an interpreter. In an abundance of caution, the Court has provided an interpreter to Morris at every stage of the proceeding. The same interpreter has provided services at all hearings and interprets the English spoken in court into Pidgin English. It is difficult to explain the translation experience because the Court was able to fully understand the Pidgin English used by the interpreter. The Court finds Morris is able to understand the English language and frequently answered the Court's questions before a translation even occurred. There is no evidence to support an ineffective assistance of counsel claim and the Petitioner has failed to meet his burden.

These findings of fact relate to the heart of the ineffective assistance of counsel claim—that Morris received ineffective assistance of counsel in light of his asserted language barrier. "A district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." Everett v. State, 2015 ND 149, ¶ 5, 864 N.W.2d 450. The district court's findings of fact are supported by the record and are not clearly erroneous.

[¶ 9] At the post-conviction hearing, Morris's attorney testified he filed the motion to suppress, but the plea agreement came to fruition before the scheduled hearing. Morris's attorney also testified he did not believe a conditional plea was necessary under the plea deal because the motion was never decided by the judge and "wasn't something that we contemplated, or thought would be important at all, in the plea agreement." The record reflects a motion to suppress was filed in Morris's case on October 31, 2014. The State filed a response to the motion to suppress on November 15, 2014. A hearing on the motion to suppress was scheduled for December 3, 2014. The suppression hearing was cancelled, and on December 3, 2014, a notice to appear was filed for a change-of-plea hearing scheduled for December 19, 2014. Morris's former attorney testified, "Often times, strategies are used in an

effort to close a case with the best outcome for the client. And in reviewing the case record, and my recollection, I believe that's what happened here." The guilty plea was entered pursuant to a plea agreement between the State and Morris. At the change-of-plea hearing, Morris was advised of the fact that if the district court did not accept the plea agreement, he would be able to withdraw his plea. The transcript of the post-conviction hearing indicates Morris testified his attorney told him the plea was the best option.

[¶ 10] The district court concluded Morris both failed to show his attorney's representation was deficient and failed to show any prejudice resulting from the alleged deficient performance. The district court concluded: "Kabbah Morris was not denied his constitutional right to effective assistance of counsel. [Morris's former attorney's] legal representation did not fall below an objective standard of reasonable performance and there is no evidence to establish a reasonable probability that the outcome of this case would have been different." In Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court held in the context of a guilty plea, the second prong of the Strickland test requires a petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." In Thompson, 2016 ND 101, ¶¶ 12–13, 879 N.W.2d 93, this Court reversed and remanded because the district court failed to apply the standard announced in Hill to the prejudice prong of the Strickland test. The district court's order, as in Thompson, was "silent regarding whether a reasonable probability exists [Morris] would have insisted on going to trial," but for his attorney's alleged errors. Id. at ¶ 12. However, in Thompson, the district court denied the petitioner's application on the basis of the second prong of the Strickland test: prejudice to the petitioner's defense from the proven defects. Id. at ¶ 10. The district court's decision to deny Morris's application was not based solely upon a conclusion Morris had failed to establish a reasonable probability the outcome of the case would have been different. Therefore, the failure to use the correct analysis on the prejudice prong of Strickland had no bearing on the ultimate result in this case.

[¶ 11] The district court concluded Morris failed to establish that his attorney's representation fell below an objective standard of reasonable performance. We conclude the district court did not err in finding Morris failed to "carry the heavy burden to establish that his attorney's representation fell below an objective standard of reasonableness." Wong v. State, 2011 ND 201, ¶ 18, 804 N.W.2d 382. Because Morris failed to meet his burden of proving his attorney's representation fell below an objective standard of reasonableness, "it is unnecessary to consider the argument that he was prejudiced by his attorney's deficient representation." Id. at ¶ 19.

IV

[¶ 12] We affirm the district court order denying Morris's application for post-conviction relief.

[¶ 13] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.