# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 228

Barry Mervyn Lindeman,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

## No. 20240058

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Steven Balaban, Bismarck, ND, for petitioner and appellant; submitted on brief.

Christopher Nelson, Assistant State's Attorney, Minot, ND, for respondent and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1] Barry Lindeman appeals from an order granting the State's motion for summary disposition in a postconviction relief application asserting ineffective assistance of counsel in his underlying criminal proceedings. Lindeman argues the district court erred in finding there is no genuine issue of material fact regarding his allegation of ineffective assistance of counsel where both of his trial attorneys failed to file a motion to suppress his confessions and his second trial attorney failed to request funding to retain an expert witness to testify about the veracity of the confessions. Whether or not Lindeman's allegation of ineffective assistance of counsel can be proven, the district court did not err in finding Lindeman failed to establish he was substantially prejudiced. We therefore affirm the order granting summary disposition.

I

[¶2] In January 2021, a jury found Lindeman guilty of gross sexual imposition and he was sentenced to forty-five years imprisonment with ten years suspended, along with fifty years of probation, on the class AA felony for violation of N.D.C.C. § 12.1-20-03(1)(d). On direct appeal, we summarily affirmed the conviction and sentence. *State v. Lindeman*, 2021 ND 220, ¶ 2, 967 N.W.2d 796.

[¶3] In February 2022, Lindeman filed an application for postconviction relief, asserting ineffective assistance of counsel at his trial alleging his counsel was ineffective because they failed to move to suppress his confession and failed to retain an expert witness to testify about the veracity of the confessions. The State filed a motion for summary disposition, requesting dismissal of Lindeman's application because he failed to present a dispute of a material fact regarding the allegation of ineffective assistance of counsel or the existence of substantial prejudice resulting from the alleged ineffective assistance of counsel. The district court granted the motion for summary disposition.

II

[¶4]   "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Abdi v. State*, 2021 ND 110, ¶ 8, 961 N.W.2d 303. "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact, fully reviewable on appeal." *Morris v. State*, 2017 ND 104, ¶ 6, 893 N.W.2d 475 (quoting *Thompson v. State*, 2016 ND 101, ¶ 7, 879 N.W.2d 93).

[¶5]   Subsection 29-32.1-09.1(1), N.D.C.C., authorizes summary disposition of an application for postconviction relief: "The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that no genuine issues exist as to any material fact and the moving party is entitled to judgment as a matter of law." In *Vandeberg v. State*, we noted the following:

> For the summary disposition of a petition for post-conviction relief, the moving party bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.
>
> A movant may discharge his burden of showing there is no genuine issue of material fact by pointing out to the trial court there is an absence of evidence to support a petitioner's case. Once the movant shows the trial court there is no record evidence to support the petitioner's claim and, therefore, there is nothing the State can point to in support of its assertion no such evidence exists, the movant has put the petitioner on his proof and a minimal burden has shifted to the petitioner to provide some competent evidence to support his claim.

2003 ND 71, ¶¶ 5-6, 660 N.W.2d 568 (cleaned up). "The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by

2

affidavit or other comparable means which raises an issue of material fact." *Mertz v. State*, 535 N.W.2d 834, 836 (N.D. 1995).

[¶6] "The Sixth Amendment of the United States Constitution and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel." *Laib v. State*, 2005 ND 187, ¶ 9, 705 N.W.2d 845; *e.g., Heckelsmiller v. State*, 2004 ND 191, ¶ 3, 687 N.W.2d 454; *Garcia v. State*, 2004 ND 81, ¶ 5, 678 N.W.2d 568. To succeed on a claim of ineffective assistance of counsel, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

[¶7] "[T]he applicant must first prove his counsel's performance was defective." *Morris*, 2017 ND 104, ¶ 6. "Second, the petitioner must show his defense was prejudiced by the proven defects." *Id*. Both must be established in order to prevail under a claim of ineffective assistance of counsel. *Id*. Thus, if there is an insufficient showing on one, the reviewing court need not address the other. *Strickland*, 466 U.S. at 697.

III

[¶8] Lindeman's failure to provide any evidence he was substantially prejudiced by the alleged ineffectiveness of his counsel is dispositive of this appeal. To prove "prejudice," the defendant carries a heavy burden to establish the following:

> [A] reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. The defendant must prove not only that counsel's assistance was ineffective, but must specify how and where trial counsel was incompetent [AND] the probable different result. Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be

assessed within the context of the remaining evidence properly presented and the overall conduct of the trial.

*Laib*, 2005 ND 187, ¶ 10 (cleaned up). If any error, even an unreasonable error, does not have any effect on the judgment, any conviction arising from such error will not be set aside. *Strickland*, 466 U.S. at 688.

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. . . . Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id*. at 695-96. "If it is easier to dispose of an ineffective [assistance of counsel] claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. at 697.

[¶9]   Lindeman argues his trial attorneys' failure to file a motion to suppress his confessions amounted to ineffective assistance of counsel because had a motion to suppress been filed, counsel could have provided argument on false confessions which would have made a difference in the outcome of the case. However, Lindeman does not explain why or how he would have prevailed on a motion to suppress his confessions. In the absence of supporting evidence, we conclude the district court did not err with regard to Lindeman's assertion the failure to file a motion to suppress his confessions amounted to ineffective assistance of counsel.

[¶10] Lindeman also failed to establish he was prejudiced by the failure to retain an expert witness to testify on the veracity of his confessions. Lindeman argues that, although his first trial attorney requested funds for an expert and the request was denied, his second trial attorney's failure to make a request for an expert witness was defective.

[¶11] In *State v. Schlickenmayer*, Schlickenmayer asserted he received ineffective assistance of counsel because certain witnesses were not called to testify. 364

4

N.W.2d 108, 112 (N.D. 1985). However, he failed to "name or demonstrate how any potential witnesses, who could have been called to testify at the trial, could have testified in his favor." *Id*. As a result, this Court noted: "Conclusory allegations that counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, do not support a claim of ineffective assistance of counsel." *Id*.

[¶12] Lindeman's argument suffers from the same deficiency as noted in *Schlickenmayer*. Lindeman simply asserts that "had counsel retained or been able to retain an expert on his behalf to testify as to the false confessions at trial, it would have provided persuasive testimony to the jury to negate the damage inflicted by the confessions." He further asserts that "[w]ith an expert to counter the State's evidence, Lindeman would likely have not been convicted" as the expert would have testified "on the science and occurrence of false confessions." However, similar to *Schlickenmayer*, Lindeman failed to prove the testimony of an expert would have been in his favor. His conclusory allegations are not enough to amount to a showing of prejudice.

IV

[¶13] The district court's determination that there were no disputes of material fact regarding Lindeman's application of postconviction relief for ineffective assistance of counsel was not erroneous. The court's finding that Lindeman failed to establish prejudice as the result of the alleged instances of ineffective assistance of counsel was also not erroneous. We affirm the order granting summary disposition of Lindeman's postconviction relief application.

[¶14] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr

5