# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

---

### 2025 ND 27

---

Cory Allen Almklov,
Petitioner and Appellant

v.

State of North Dakota,
Respondent and Appellee

---

### No. 20240166

---

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Samuel A. Gereszek, Grand Forks, ND, for petitioner and appellant.

Frederick R. Fremgen, State's Attorney, Jamestown, ND, for respondent and appellee.

**Jensen, Chief Justice.**

[¶1]  Cory Almklov appeals from a district court order summarily dismissing his application for postconviction relief. Almklov argues he provided sufficient evidence in court to warrant an evidentiary hearing on his claims of ineffective assistance of counsel. We affirm.

I

[¶2]  On March 10, 2021, Almklov was charged with attempted murder, aggravated assault, and two counts of false reports to law enforcement. In a second case, he was charged with burglary and theft of property. The cases were joined for trial without objection. He was convicted and sentenced to twenty-five years with the North Dakota Department of Corrections and Rehabilitation on the attempted murder conviction; the remaining convictions varied in length but were ordered to run concurrently with the sentence imposed on the attempted murder charge. His convictions were summarily affirmed on appeal. *State v. Almklov*, 2022 ND 56, 971 N.W.2d 852.

[¶3]  Almklov filed a pro se application for postconviction relief on February 26, 2024, alleging various grounds. The State answered the petition for postconviction relief reserving the affirmative defenses of res judicata and misuse of process. The State also moved the district court for summary disposition on March 27, 2024, arguing the affirmative defenses applied and alleged there was no issue of material fact entitling Almklov to relief. Almklov objected to the State's motion on April 24, 2024, arguing he was entitled to an evidentiary hearing on his application. The court granted the State's motion for summary disposition and dismissed Almklov's postconviction relief application with prejudice on May 17, 2024. The court found that Almklov had failed to provide any evidence in response to the State's motion for summary disposition to support his allegations proving his counsel's representation was ineffective.

[¶4]  Almklov's application asserted eight grounds to support his request for postconviction relief. On appeal, Almklov argues the district court erred in

1

summarily dismissing his postconviction application prior to an evidentiary hearing based on three claims of ineffective assistance of counsel: failure to call two witnesses, failure to object to joinder of his two cases, and failure to file a motion to suppress statements Almklov made to law enforcement.

II

[¶5]   "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Kruckenberg v. State*, 2012 ND 162, ¶ 5, 820 N.W.2d 314 (quoting *Delvo v. State*, 2010 ND 78, ¶ 10, 782 N.W.2d 72). "In order to prevail on a post-conviction claim of ineffective assistance, the petitioner bears a heavy burden." *Roth v. State*, 2007 ND 112, ¶ 7, 735 N.W.2d 882. The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. *Id.* at ¶ 11.

[¶6]   We have previously recognized that claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing. *Mwinyi v. State*, 2024 ND 126, ¶ 11, 9 N.W.3d 665. An evidentiary hearing is not always required, and we have recognized the following:

> However, this Court has upheld summary denials of [postconviction] relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations. Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim. If competent evidence is provided, the defendant is entitled to an evidentiary hearing.

*Id.* (quoting *Atkins v. State*, 2017 ND 290, ¶ 6, 904 N.W.2d 738).

> Subsection 29-32.1-09.1(1), N.D.C.C., authorizes summary disposition of an application for postconviction relief: "The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that no genuine issues exist as to any

2

material fact and the moving party is entitled to judgment as a matter of law." In *Vandeberg v. State*, we noted the following:

> For the summary disposition of a petition for post-conviction relief, the moving party bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.
>
> A movant may discharge his burden of showing there is no genuine issue of material fact by pointing out to the trial court there is an absence of evidence to support a petitioner's case. Once the movant shows the trial court there is no record evidence to support the petitioner's claim and, therefore, there is nothing the State can point to in support of its assertion no such evidence exists, the movant has put the petitioner on his proof and a minimal burden has shifted to the petitioner to provide some competent evidence to support his claim.

2003 ND 71, ¶¶ 5-6, 660 N.W.2d 568 (cleaned up). "The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." *Mertz v. State*, 535 N.W.2d 834, 836 (N.D. 1995).

*Lindeman v. State*, 2024 ND 228, ¶ 5, 14 N.W.3d 883.

### III

[¶7] The issues raised on appeal by Almklov assert that he received ineffective assistance of trial counsel. To establish a claim of ineffective assistance of counsel, Almklov must prove his counsel's performance was defective and that his defense was prejudiced by the proven defects. *Morris v. State*, 2017 ND 104, ¶ 6, 893 N.W.2d 475. We have recognized the use of the *Strickland* test when a court reviews claims of ineffective assistance of counsel, which requires an applicant to satisfy a two-prong test to establish his claim. *Edwardson v. State*,

3

2019 ND 297, ¶ 7, 936 N.W.2d 376. Under the first prong, the applicant must prove his counsel's performance fell below an objective standard of reasonableness. *Id*. Under the second prong, the applicant must show that counsel's deficient performance resulted in prejudice. *Id*.

IV

[¶8] Almklov asserts his trial counsel was ineffective by failing to call two critical witnesses to testify. This Court has noted:

> "'[C]onclusory allegations that [trial] counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, do not support a claim of ineffective assistance of counsel.'" *Matthews v. State*, 2005 ND 202, ¶ 12, 706 N.W.2d 74 (quoting *State v. Schlickenmayer*, 364 N.W.2d 108, 112 (N.D. 1985)). We have also said the test is not necessarily whether a witness's testimony would have aided the defense, but whether, within the context of the other evidence and the overall conduct of the trial, there was a reasonable probability of a different result in the proceeding if the witness had testified. *Wright v. State*, 2005 ND 217, ¶ 12, 707 N.W.2d 242.

*Flanagan v. State*, 2006 ND 76, ¶ 17, 712 N.W.2d 602.

[¶9] Almklov alleges an eyewitness should have been called and contends he would have been acquitted by the eyewitness's testimony. However, in response to the State's motion for summary disposition, Almklov failed to provide any evidence of what the alleged eyewitness saw or what either witness's testimony would have been had they testified. Almklov's conclusory allegations that his counsel failed to call certain witnesses without providing evidence of what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, does not support a claim of ineffective assistance of counsel. As we noted in *Mwinyi* and *Atkins*, once the State moved for summary disposition and pointed out the absence of supporting evidence for Almklov's assertion the witnesses would have made a difference at trial, Almklov was put on notice of the issue and a minimal burden shifted to Almklov to provide some competent evidence to

4

support his claim. While Almklov's burden was minimal, he provided no support for his claim and the district court did not err in dismissing the claims related to uncalled witnesses.

V

[¶10] Almklov asserts that his trial counsel was ineffective by allowing his two criminal cases to be consolidated. It is undisputed that Almklov did not oppose the consolidation, and the cases were tried together.

[¶11] Almklov provided no evidence he was prejudiced by the consolidation of the two proceedings. The district court did not err in its determination that Almklov did not respond with any evidence to support his allegations that his trial counsel was ineffective for failing to object to consolidation of his cases.

VI

[¶12] Almklov argues his attorney should have filed a motion to suppress his statements to law enforcement because he was under duress, under the influence, not in his right mind, and was not read his *Miranda* rights.

[¶13] A successful ineffective assistance of counsel claim based on an attorney's failure to file a pretrial suppression motion requires that "the defendant must prove that he would have prevailed on his motion to suppress and that there is a reasonable probability a successful motion would have affected the outcome of the trial." *Rencountre v. State*, 2015 ND 62, ¶ 9, 860 N.W.2d 837.

[¶14] Almklov failed to provide any evidence that the motion would have been successful, or the result of the trial would have been different. The district court recognized that a "claim of ineffective assistance of counsel is generally not suited to summary disposition without an evidentiary hearing." (Citing *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355.) The court continued by noting the following:

> However, applicants are put to their proof after a motion for summary disposition is filed and must provide some evidence in support of their allegations. *Id.* [*Steinbach v. State*, 2003 ND 46, ¶ 15,

658 N.W.2d 355.] While Almklov has offered <u>arguments</u> in opposing the State's motion, he has f[a]iled to file any <u>evidence</u> to support his allegations.

(Emphasis in original.)

[¶15] "Failure to produce that evidence once the burden has shifted to the petitioner, regardless if a hearing has been scheduled, is grounds for summary dismissal." *Atkins*, 2017 ND 290, ¶ 10. Almklov failed to show his counsel's representation was deficient and failed to show any prejudice resulting from the alleged deficient performance. The district court did not err in dismissing his claim asserting ineffective assistance of counsel related to the absence of a motion to suppress.

## VII

[¶16] On each of the issues raised on appeal, Almklov failed to provide sufficient evidence in the district court to support his claims. Because Almklov's arguments fail for failure of proof, we need not address whether his claims may have also been barred by affirmative defenses raised by the State. We affirm.

[¶17]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr