Substitute Opinion Pages 5-11 Filed 2/25/26 by Clerk of the Supreme Court

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 1

Jason Robert Pederson a/k/a
Katheryn Pederson,                                    Petitioner and Appellant

    v.

State of North Dakota,                                    Respondent and Appellee

## No. 20250208

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Jason Robert Pederson a/k/a Katheryn Pederson, Fargo, ND, petitioner and appellant; on brief.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, ND, for respondent and appellee; on brief.

**Crothers, Justice.**

[¶1]   Jason (a.k.a. Katheryn) Robert Pederson appeals from a district court order and judgment summarily dismissing her application for postconviction relief. Pederson argues the district court erred by granting summary disposition without a hearing and by denying her claims of ineffective assistance of counsel. She also argues the court did not have subject matter jurisdiction over her underlying criminal case. She argues the court abused its discretion by denying her motion to disqualify Judge Cleveland. We affirm in part, reverse in part, and remand for an evidentiary hearing on the issue of ineffective assistance of counsel.

I

[¶2]   Pederson sued her former employer in federal court for discrimination. *Jason Pederson v. John Deere Elec. Sols.*, 3:20-cv-00051-ARS. The federal district court dismissed the case. Pederson then sent emails to her former employer's counsel. Based on those emails, the State charged Pederson with terrorizing. Cass County Case No. 09-2023-CR-00167. The terrorizing case went to trial and the jury found Pederson guilty. Pederson was sentenced to 360 days in jail, first to serve 45 days, with the balance suspended during 18 months of supervised probation.

[¶3]   Pederson appealed the criminal judgment, arguing the State's failure to preserve and disclose a body camera recording was a *Brady* violation and insufficient evidence sustained the conviction. Pederson was appointed appellant counsel, Samuel Gereszek. *State v. Pederson*, 2024 ND 79, 6 N.W.3d 619. This Court rejected Pederson's arguments on appeal and affirmed. *Id.*

[¶4]   While the appeal was pending the State filed a petition to revoke Pederson's probation, alleging she violated its terms by possessing a firearm. Attorney Jay Greenwood represented Pederson in the revocation proceedings. The district court held a probation revocation hearing in January 2024. Pederson's probation officer, Todd Wahl, testified the probation office received

1

information that Pederson was in possession of a firearm. Wahl testified Pederson reported to the probation office for an intake appointment, and officers detained her. While she was detained, probation officers searched Pederson's residence and located a loaded handgun and 370 rounds of ammunition in her bedroom dresser. The court found Pederson willfully violated her release terms and revoked her probation. Pederson was sentenced to 5 years' imprisonment, all suspended but 90 days, credit for 45 days served, and two years of supervised probation.

[¶5]   Pederson filed an application for postconviction relief, claiming violations of Article III, section I of the United States Constitution, the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and N.D. Const. art. I, sections 1, 4, 7, 8, 9, 12, 13, 21, 22, 23, and 24. Pederson also claims the district court lacked jurisdiction, the State unlawfully withheld evidence, and the court "[f]ailed to assign an attorney capable of represent[]ting [her]."

[¶6]   Pederson moved for partial summary judgment on her claim Greenwood provided ineffective assistance of counsel. She argued her counsel was deficient under *Strickland* because he improperly instructed her how to handle a firearm as a prohibited person. The State responded to Pederson's motion and moved for partial summary judgment. The State argued Pederson's claims, except ineffective assistance of counsel, were barred by res judicata and misuse of process. While the postconviction proceedings were pending, Pederson filed a motion entitled "motion to recuse" Judge Cleveland. The district court denied the motion following a hearing. Pederson filed a notice of appeal from the order denying the "motion to recuse." This Court dismissed the appeal because the order was not immediately appealable.

[¶7]   The district court entered an order granting summary disposition in favor of the State and dismissing the application for postconviction relief. The court found Pederson's postconviction relief claims were barred by either res judicata or misuse of process. Regarding ineffective assistance of counsel, the court held Pederson failed to show a genuine issue of material fact of how her counsel's representation fell below an objective standard of reasonableness, or there is a

2

reasonable probability that but for unprofessional errors the result of the proceedings would have been different. Judgment was entered. Pederson appeals.

## II

[¶8] Pederson claims the district court lacked jurisdiction because this case arose out of a federal case. Her application for postconviction relief asserts: "Federal Court Proceedings are the sole jurisdiction of the Federal Court and can not be ruled unlawful by a State Court." She argues Judge Cleveland "refuses to provide a ruling on the jurisdiction of the criminal case[,] instead asserting [] Gereszek[']s failure to raise the issue of jurisdiction prevents the court from ruling on jurisdiction by res judicata." The State concedes the district court erred by determining the subject matter jurisdiction issue was procedurally barred.

[¶9] The district court determined:

> Throughout the trial court proceedings, Ms. Pederson made claims that the State lacked jurisdiction due to threats made within the context of a federal lawsuit. In her appeal to the North Dakota Supreme Court, Ms. Pederson failed to raise jurisdictional or evidentiary issues concerning the federal lawsuit in a proceeding leading to judgment of conviction and shall be barred from raising those issues in this post-conviction relief application as a misuse of process.

[¶10] Misuse of process is defined by statute as:

> Process is misused when the applicant:
> a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or
> b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

N.D.C.C. § 29-32.1-12(2). "[M]isuse of process, occurs when a defendant inexcusably fails to pursue an issue in a proceeding leading to judgment of conviction, inexcusably fails to pursue an issue on appeal after having raised the issue in the trial court, or fails to raise an issue in an initial post-conviction

3

proceeding." *Heyen v. State*, 2001 ND 126, ¶ 11, 630 N.W.2d 56; *see also Williamson v. State*, 2025 ND 66, ¶ 12, 18 N.W.3d 921 (same); *Noorlun v. State*, 2007 ND 118, ¶ 7, 736 N.W.2d 477 (same).

[¶11] "Issues related to subject matter jurisdiction can be raised at any time and cannot be waived." *Lavallie v. Jay*, 2020 ND 147, ¶ 5, 945 N.W.2d 288 (citation omitted). Therefore, the issue is not barred by misuse of process. "When jurisdictional facts are not disputed, the issue of subject matter jurisdiction is a question of law, which we review de novo." *Interest of N.L.*, 2022 ND 235, ¶ 11, 982 N.W.2d 857 (citation omitted). De novo review is appropriate here because the jurisdictional facts are not in dispute.

[¶12] Subject matter jurisdiction for North Dakota district courts is established in N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. District courts have "[c]ommon-law jurisdiction and authority within their respective judicial districts for the redress of all wrongs committed against the laws of this state affecting persons or property." N.D.C.C. § 27-05-06(1).

[¶13] At trial, Pederson conceded she drafted the federal court filings. She further conceded that she wrote and made those filings "within the geological bounds of Cass County." The offense was committed within Cass County, North Dakota. Cass County district court had subject matter jurisdiction to determine whether Pederson's threatening statements were "wrongs committed against the laws of this state affecting persons or property." N.D.C.C. § 27-05-06(1). Therefore, while the district court erred in concluding the subject matter jurisdiction issue was barred by misuse of process, the court nonetheless had jurisdiction over Pederson's criminal case and the error was harmless. *See* N.D.R.Crim.P. 52(a) ("Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded.").

III

[¶14] Pederson claims the district court violated N.D.R.Ct. 3.2(a)(3) by ruling on the motions for summary judgment without a hearing. The State argues the court

4

did not err because Pederson failed to reschedule a hearing as required by the rule.

[¶15] Rule 3.2(a)(3), N.D.R.Ct., provides:

> If any party who has timely served and filed a brief requests a hearing, the request must be granted. A timely request for a hearing must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs. The party requesting a hearing must secure a time for the hearing and serve notice upon all other parties. Requests for a hearing must be made not later than seven days after expiration of the time for filing the answer brief. If the party requesting a hearing fails within 14 days of the request to secure a time for the hearing, the request is waived and the matter is considered submitted for decision on the briefs.

If an evidentiary hearing is requested in a civil action, notice must be served at least 21 days before the time specified for the hearing. "We have held complete requests for oral arguments on a motion under Rule 3.2 require a party affirmatively: (1) timely file a brief; (2) request oral argument; (3) schedule a date and time for a hearing; and (4) notify the other party." *State v. Craig*, 2019 ND 123, ¶ 5, 927 N.W.2d 99 (citations omitted).

[¶16] Pederson noticed a hearing on the motions for summary judgment for March 10, 2025. The same document noticed a hearing on the motion for recusal for February 28, 2025. On February 28, 2025, the district court conducted a hearing on the motion for recusal, and denied that motion. On March 6, 2025, Pederson filed a notice of appeal from the court's order denying her motion for recusal. The district court proceedings were stayed pending that appeal.

[¶17] This Court dismissed the appeal on April 9, 2025. The order of dismissal was mandated May 1, 2025. On May 23, 2025, the district court filed its order granting the State's motion for summary disposition and dismissing the application for postconviction relief.

[¶18] Pederson failed to timely secure a hearing after remand. Three weeks passed between when her appeal was dismissed and when the district court entered its order. Rule 3.2(a)(3), N.D.R.Ct., required Pederson to secure a hearing

5

within 14 days. "A self-represented litigant is not granted leniency because of his status and is bound by the rules of procedure." *State v. Hamre*, 2019 ND 86, ¶ 18, 924 N.W.2d 776. The district court did not err by issuing the order without a hearing on the motions for summary judgment.

IV

[¶19] Pederson claims the district court erred by summarily dismissing her petition for postconviction relief because the court failed "to provide a ruling on multiple ineffective counsel arguments."

[¶20] "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. The applicant bears the burden of establishing grounds for postconviction relief." *Bridges v. State*, 2022 ND 147, ¶ 5, 977 N.W.2d 718 (citations omitted). "The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that no genuine issues exist as to any material fact and the moving party is entitled to judgment as a matter of law." *Almklov v. State*, 2025 ND 27, ¶ 6, 17 N.W.3d 583 (citations omitted).

[¶21] "[T]he moving party bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law." *Almklov*, 2025 ND 27, ¶ 6 (citation omitted). "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Id.* "A movant may discharge his burden of showing there is no genuine issue of material fact by pointing out to the trial court there is an absence of evidence to support a petitioner's case." *Id.*

[¶22] "A motion for summary disposition puts the burden on the defendant to provide competent evidence to support his claim, and the defendant is only entitled to an evidentiary hearing if that burden is met." *Atkins v. State*, 2017 ND 290, ¶ 8, 904 N.W.2d 738 (citing *Steinbach v. State*, 2003 ND 46, ¶ 17, 658 N.W.2d 355); *Davies v. State*, 2018 ND 211, ¶ 10, 917 N.W.2d 8 (same). Pederson's application broadly cites Article III, section I of the United States Constitution,

6

the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and N.D. Const. art. I, sections 1, 4, 7, 8, 9, 12, 13, 21, 22, 23, and 24. Pederson also argued the district court lacked jurisdiction, the State unlawfully withheld evidence, and the court "[f]ailed to assign an attorney capable of represent[]ting [her]," naming Gereszek.

[¶23] The district court determined "Pederson failed to raise with the Supreme Court that her conviction and sentence[] violated a number of her constitutional rights." The court further found "[a]s to any claims that [the] State withheld evidence nor didn't provide discovery pursuant to a *Brady* violation, this too was fully and finally determined during her appeal and is barred by res judicata. *Pederson*, 2024 ND 79." The district court concluded: "After being put to her proof, Ms. Pederson failed to raise a genuine issue of material fact showing any of her rights were violated, how there was a jurisdictional issue, nor how her counsel was ineffective."

[¶24] Pederson's arguments on appeal are limited to her ineffective assistance of counsel claims. In this case, the State responded to Pederson's motion for summary disposition by arguing summary disposition was not appropriate for the ineffective assistance of counsel claims and requesting an evidentiary hearing. The State also moved for summary disposition of Pederson's claims, except those for ineffective assistance of counsel.

[¶25] Ineffective assistance of counsel claims ordinarily are unsuited for summary disposition without an evidentiary hearing. *Almklov*, 2025 ND 27, ¶ 6. "However, this Court has upheld summary denials of postconviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations." *Id.* (cleaned up). When "the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim." *Id.* (citations omitted). "If competent evidence is provided, the defendant is entitled to an evidentiary hearing." *Id.* "The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible

7

evidence by affidavit or other comparable means which raises an issue of material fact." *Id.* (cleaned up).

[¶26] The State did not move for summary disposition on Pederson's ineffective assistance of counsel claims. Therefore, summary disposition of those claims was error. We reverse for an evidentiary hearing on the issue of ineffective assistance of counsel.

[¶27] Aside from the issues of jurisdiction and ineffective assistance of counsel discussed above, the district court did not err by determining Pederson failed to demonstrate she was entitled to relief and failed to raise an issue of material fact showing her rights were violated. The court therefore did not err by summarily dismissing those claims.

V

[¶28] Pederson claims the district court abused its discretion by denying her "motion for recusal." Pederson's motion was based on the argument Judge Cleveland's "decision to willfully lie to try and keep the transcript of the case from coming to light is improper and shows an unreasonable bias and a violation of ethics."

[¶29] Pederson's "motion for recusal" is a motion for disqualification of the judge. "In many jurisdictions, the term 'recusal' is used interchangeably with the term 'disqualification.'" N.D. Code Jud. Conduct Rule 2.11, cmt. 1. However, the terms mean different things, as made clear in *Sume v. State*, 773 So. 2d 600, 602 (Fla. Dist. Ct. App. 2000):

> We begin by correcting a common mistake in terminology. The defendants' motions should have been styled as motions for disqualification and not motions for recusal. Although these terms are often used interchangeably, they have different meanings. The term "recusal" is most often used to signify a voluntary action to remove oneself as a judge. *See* Black's Law Dictionary, 7th Ed. p. 1281 (1999). In contrast, the term "disqualification" refers to the process by which a litigant may seek to remove a judge from a particular case. Disqualification is the proper term for the motion filed here. *See* Fla.R.Jud.Admin. 2.160.

8

[¶30] A judge presented with a motion for disqualification "must determine whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality." *Rath v. Rath*, 2016 ND 46, ¶ 31, 876 N.W.2d 474 (cleaned up). "The test for the appearance of impartiality is one of reasonableness and [disqualification] is not required in response to spurious or vague charges of impartiality." *Id.* (citation omitted). "A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law." N.D. Code Jud. Conduct Rule 2.7.

[¶31] "A district court's decision on a motion for [disqualification] is reviewed under the abuse of discretion standard." *State v. Glaum*, 2024 ND 47, ¶ 23, 4 N.W.3d 540. "A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.* ¶ 37 (citations omitted).

[¶32] A hearing was held on Pederson's motion. The district court found:

> To portray the Court as objecting to or opposing or restricting in any way is, I believe, in my view, a gross mischaracterization of any position that I have taken. I have given you continuances and directed you to follow the appropriate procedure. [The State] previously has attempted to assist you in securing the information that you seek or assisting you in who to communicate with, so the characterizations that this has in some way been thwarted, I think, is a mischaracterization.

[¶33] After further discussion clarifying Pederson's request, the district court further found:

> The law presumes that judges are unbiased and that . . . adverse or rulings against your position do not constitute bias. Statements that the record has—or a transcript has been completed, if the same has been certified by the entity responsible for that based on the specificity and clarification of the request, is something the Court is entitled to rely upon, and any assertion that I made based on those certifications I would continue to assert are appropriate. If there has been a clarification or an expansion with regard to your

9

request, that is something that I have neither knowledge of nor control over, and your characterization that it then constitutes some sort of bias or, as you've characterized it, lie is misplaced.

When making a recusal decision, as you have requested that I do, as properly stated by the State, I must determine whether a reasonable person could, on the basis of all the facts, reasonably question the impartiality that I have demonstrated. The duty is balanced with an equally strong duty to continue to act even when cases are voluminous, contentious, and difficult. The determination I have made at this time is that you have not substantiated your claim. You have not demonstrated that there is any behavior or action or representation or effort to frustrate your ability to get the transcripts. This is something that you have indicated is problematic. I have given you extensions to proceed, and as to whether you have utilized that time, especially in light of your statement that, well, now, Friday, I found out this, without any other declaration of any efforts that you have made with regard to your diligence or efforts, and then projecting that responsibility to the Court is really a mischaracterization of the responsibilities here.

So the facts don't support the assertion that you've made that the Court is biased. I don't find that recusal is appropriate. The facts do not support it. I am not going to recuse myself with regard to this matter. Your arguments are conclusory, without basis, even during your oral argument today when you have continued to utilize language that is unfortunate without substantiation, and I would caution you in the future with regard to using such characterizations without substantiation. I'm denying the motion.

[¶34] The district court correctly applied the law and adequately explained the basis for denial of Pederson's disqualification motion. The court did not abuse its discretion by denying the motion.

VI

[¶35] Pederson's remaining arguments are without merit, unnecessary to our decision, or not properly before this Court. We reverse the district court's order and judgment on the issue of ineffective assistance of counsel and remand for proceedings consistent with this decision. We affirm the district court order and

10

judgment summarily dismissing the remaining claims in Pederson's application for postconviction relief.

[¶36]  Lisa Fair McEvers, C.J.
   Daniel J. Crothers
   Jerod E. Tufte
   Jon J. Jensen
   Douglas A. Bahr

Filed by Clerk of Supreme Court 2/25/26